**Vincent ONYEKA AKA, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 16-72893**

United States Court of Appeals, Ninth Circuit.

Submitted November 14, 2017 *
Pasadena, California

Filed November 20, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Judith Leslie Wood, Esquire, Attorney, Law Office of Judith L. Wood, Los Angeles, CA, for Petitioner

Anna E. Juarez, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: KOZINSKI, HAWKINS, and PARKER,** Circuit Judges.

### MEMORANDUM ***

Vincent Onyeka Aka ("Aka") petitions for review of the Board of Immigration Appeals ("BIA") decision affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

The agency did not abuse its discretion by concluding that Aka's two *nolo contendere* convictions for (1) committing, as a caretaker, a lewd or lascivious act on a dependent person in violation of California Penal Code § 288(c)(2) and (2) sexual battery on an institutionalized victim in violation of California Penal Code § 243.4(b), were particularly serious crimes. The agency properly considered the nature of the convictions, the circumstances and underlying facts of the convictions (including the vulnerable nature of the victims involved), the sentence imposed, and whether the alien would be a continuing danger to the community. *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc). Therefore, the agency properly found Aka to be statutorily ineligible for asylum and withholding of removal. 8 U.S.C. §§ 1231(b)(3)(B)(ii) & 1158(b)(2)(A)(ii).

With respect to Aka's CAT claim, the record does not compel the conclusion that Aka would more likely than not be subjected to torture with the acquiescence of the Nigerian government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–34 (9th Cir. 2014). Even if Aka had been subject to persecution by Boko Haram in the past, he does not identify any evidence that anyone associated with the Nigerian government would be likely to harm him or acquiesce in such harm. "[E]vidence that a government has been generally ineffective in preventing or investigating criminal activities [does not] raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Id.* at 1035.

The BIA was not required to address Aka's additional argument that the IJ had erred by concluding that the harm inflicted by Boko Haram in the past did not rise to the level of torture because it had already made a dispositive determination that Boko Haram did not act with the acquiescence of the Nigerian government.

**PETITION DENIED.**

*See* Fed. R. App. P. 34(a)(2).

** The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.